# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DEBORAH ANN KERN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    No. 4:16-CV-01201-DGK-SSA |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Deborah Ann Kern ("Kern") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Kern applied for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found that Kern was not severely disabled under the Act, and had an residual functional capacity ("RFC") that allowed her to perform past relevant work.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Kern filed her application on October 14, 2013, alleging a disability onset date of July 6, 2012. The Commissioner denied the application at the initial claim level, and Kern appealed the denial to an ALJ. After a hearing, the ALJ denied Kern's claim on September 4, 2015, finding

that she was not disabled under the Act. The Appeals Council denied Kern's request for review on September 19, 2016. Kern has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

**Discussion**

Kern argues that the ALJ erred: 1) by improperly evaluating medical opinions in the record and Kern's subjective complaints, 2) at step four because the ALJ's RFC analysis did not adequately account for her physical and mental impairments, and 3) at step four by finding that Kern's RFC allowed her to perform her past relevant work. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

### I. Substantial evidence supports the ALJ's evaluation of the medical opinions and Kern's subjective complaints.

Kern argues that the ALJ improperly weighed several medical opinions in the record. Where the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). In weighing a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. 20 C.F.R. § 404.1527(c). An ALJ must give controlling weight to a treating medical source opinion if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence. *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015). The opinion may be given "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citation omitted). The ALJ "may discount or even disregard the opinion . . . where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (citation omitted). The mere fact that a physician is a treating physician is not good enough to overcome the better-supported opinion of a reviewing physician. *See Ponder v. Colvin*, 770 F.3d 1190, 1195 (8th Cir. 2014).

Kern claims that the ALJ failed to appropriately evaluate the opinion of Dawn G. Bloom, Ph.D., the consultative neuropsychologist. Dr. Bloom's testing indicated that Kern showed no deterioration of cognitive function, and that her cognitive functioning was age-appropriate. R. 19, 222. The ALJ gave significant weight to Dr. Bloom's opinions, noting that they were consistent with both other medical testimony of record and with Kern's own testimony that she never received treatment from a mental health professional. R. at 21, 47, 217-23. *See Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014) ("State agency medical and psychological consultants are highly qualified physicians whose expert opinions cannot be ignored by ALJs . . . ." (internal citation omitted)). Substantial evidence supports the ALJ's evaluation of Dr. Bloom's opinion.

Kern argues that the ALJ failed to properly weigh an opinion of her treating neurologist, Sarah Hon, D.O. In February 2015, Dr. Hon opined that Kern could not work full-time due to back pain, weakness, numbness, and fatigue. R. at 22, 350-54. The ALJ found that Dr. Hon's opinion was inconsistent with her own treatment notes, which indicated that Kern's MS was stable and that her medication was working. R. at 22, 223-34, 335-37; *see Blackburn v. Colvin*, 761 F.3d 853, 860 (8th Cir. 2014) ("Even a treating source does not receive controlling weight if the source's opinions are inconsistent . . . ."); *see also Reece v. Colvin*, 834 F.3d 904, 909-10 (8th Cir. 2016) (holding that the ALJ gave sufficient reasons for discounting treating physician's opinion, including that it was "inconsistent with . . . his own treatment notes"). Substantial evidence supports the ALJ's decision to give less weight to portions of Dr. Hon's opinion.

Kern argues that the ALJ's credibility determination is unsupported by substantial evidence. It is well-settled that "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016); *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its

opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in the evidence.").

Here, the ALJ did not find credible Kern's allegations that she was unable to work because of disabling medical conditions. R. at 18-24. Kern testified that she could only lift ten pounds and sit or stand for only 15-20 minutes at a time. R. 20, 40-42. She also testified that she became weak and fatigued most afternoons. R. at 41-42. However, the ALJ cited record evidence that disputed Kern's account. The ALJ noted that Kern's daily activities were not significantly limited by her impairments. R. at 21. For example, Kern assisted both of her parents with their health issues, took them to medical appointments, did laundry, cooked, did dishes, and cared for her cat. R. at 21, 150-57, 158-65. She also indicated that she could drive and shop for food and clothing. R. at 21, 161-62. These daily activities are "not indicative of someone who was completely unable to work" due to disabling medical conditions. *See Reece*, 834 F.3d at 910. The ALJ also noted that Kern continued to smoke a pack of cigarettes per day. The ALJ properly considered Kern's choice to continue smoking as a factor relevant to her credibility. *See McQuillian v. Colvin*, No. 4:13-cv-515-DDN, 2014 WL 1153696, *21 (E.D. Mo. March 21, 2014) ("[T]he ALJ did not base his determination of non-disability on plaintiff's failure to comply with prescribed treatment . . . . Instead, the ALJ considered plaintiff's noncompliance with treatment only in relation to determining plaintiff's credibility. Such consideration is permissible."); *Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) ("[A]n ALJ may properly consider the claimant's . . . failing to take prescription medications, seek treatment, and quit smoking."). Substantial evidence supports the ALJ's evaluation of Kern's credibility.

**II. Substantial evidence supports the ALJ's RFC determination.**

Kern argues that the ALJ's RFC is unsupported by substantial evidence. "A disability claimant has the burden to establish her RFC." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). The ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence," *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). "[S]ome medical evidence" must support the determination of the claimant's RFC. *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam).

Kern believes that the ALJ's RFC failed to account for her hearing impairments. At step two, the ALJ found that Kern did not have any severe physical impairments. R. at 18. She acknowledged that Kern alleged she suffered from hearing loss, but also that she did not wear hearing aids and had no hearing issues during the hearing. R. at 18, 301. The ALJ did not find that any hearing impairment imposed applicable work-related limitations. The ALJ did not err in formulating an RFC that did not account for Kern's non-severe physical hearing impairment. *See Martise v. Astrue*, 641 F.3d 909, 923-24 (8th Cir. 2011) (finding that where claimant had non-severe impairments, ALJ's RFC formulation was not error where ALJ properly accounted for the combined effects of claimant's impairments); *cf. Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) ("Although his treating doctors noted that [claimant] was obese and should lose weight, none of them suggested his obesity imposed any additional work-related limitations, and he did not testify that his obesity imposed additional restrictions.")

Kern believes the ALJ's RFC finding is unsupported by her own findings because she did not include the Psychiatric Review Technique (PRT) finding in the RFC. Kern's argument is misplaced; the PRT finding is used at steps two and three of evaluation process to determine whether mental impairments are severe. SSR 96-8p explains that PRTs are "not an RFC

assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Here, the ALJ's PRT analysis found that Kern had no limitations in activities of daily living, no difficulties in social functioning, mild difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation of extended duration. R. at 19. Therefore, the ALJ's PRT finding contributed to the substantial evidence at step two supporting her finding that Kern's mental impairments were non-severe.

Kern believes that the ALJ's RFC is improper because it is not based on a medical opinion about her functional limitations. To the contrary, Kern's allegation that the RFC must be supported by a medical opinion is an "incomplete statement of the relevant RFC inquiry established by a host of [the Eighth Circuit's] prior Social Security disability cases." *Lockwood v. Colvin*, 627 Fed. App'x 575, 577 (8th Cir. 2015). "In evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively . . . . Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Id.* (internal citation omitted). Here, "some medical evidence" supports the ALJ's RFC. *See, e.g.*, R. at 19-20, 217-23, 335-37, 344-45; *see also Dykes*, 223 F.3d at 867.

Kern argues that the ALJ's RFC did not account for her mild difficulties in maintaining concentration, persistence, or pace. The Eighth Circuit has held that a limitation to "simple routine repetitive work" sufficiently accounts for deficiencies in persistence, concentration, or pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 1997); *Tyman v. Colvin*, No. 12-cv-01022-REL, 2014 WL 467517, at *13 (W.D. Mo. Feb. 6, 2014). Here, the ALJ limited Kern to "sedentary work." R. at 20. The Eighth Circuit has explicitly held that a limitation to simple tasks—as the ALJ did here—sufficiently accounts for mild deficiencies in persistence,

concentration, or pace. *See Howard*, 255 F.3d at 582. The ALJ's RFC properly accounted for Kern's moderate difficulties in concentration, persistence, or pace.

> III. **Substantial evidence supports the ALJ's step four finding that Kern could perform her past relevant work.**

Kern argues that the ALJ failed to make specific findings regarding the physical and mental demands of her past relevant work, as required at step four. At step four, the plaintiff bears the burden to show that she cannot perform her past relevant work. *See* 20 C.F.R. §§ 404.1520(f) and 404.1560(b)(2). An ALJ may elicit testimony from a vocational expert to evaluate a claimant's capacity to perform past relevant work. *Wagner v. Astrue*, 499 F.3d 842, 853-54 (8th Cir. 2007); *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) ("An ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residual functional capacity."); *see also* 20 C.F.R. § 404.1560(b)(2).

Kern believes that the ALJ failed to compare the functional demands of her past work to her RFC. The vocational expert testified that a hypothetical individual with Kern's RFC could not perform her past relevant work. R. 22-23, 51-52. Although the ALJ disagreed with this portion of the vocational expert's testimony, "one mistaken recommendation does not devalue the rest of [the vocational expert's] opinion." *Grable*, 770 F.3d at 1202. The ALJ cited portions of the vocational expert's testimony supporting the finding that Kern's RFC allows her to perform past relevant work. R. at 22. The ALJ cited the vocational expert's testimony that Kern performed her past accounts payable job at the sedentary to light exertional level, and that her past work as a receptionist was a semi-skilled job generally performed in the national economy at the sedentary exertional level. R. at 22, 47-48, 202. *Dictionary of Occupational Titles* (DOT) No. 237.367-038. The vocational expert further testified that Kern had acquired documenting, record keeping, customer service, and document review skills from her prior work. R. at 22-23,

51-52. Based on Kern's RFC, the ALJ found that she could meet the physical and mental demands of her past relevant work as generally performed in the national economy. R. at 22. Substantial evidence supports the ALJ's finding that that Kern could perform past relevant work.[2]

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   March 15, 2018                          /s/ Greg Kays
                                                GREG KAYS, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

---

[2] Because this finding results in a determination that Kern is not disabled, the Court's analysis ends here at step four, and step five need not be addressed. *See Kemp ex rel Kemp*, 743 F.3d at 632 n.1.